IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS CROWDER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0254-BD |
| | § | |
| U.T.M.B. UNKNOWN NURSE, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Dallas County, Texas ("the County") has filed a motion for summary judgment in this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. For the reasons stated herein, the motion is granted.

I.

On April 17, 2004, Plaintiff Douglas Crowder was severely beaten by several inmates at the Dallas County Jail. As a result of this attack, plaintiff is now permanently blind in his left eye. Plaintiff blames the attack on former Dallas County Sheriff Jim Bowles and an unknown classification officer, who placed him in a cell with a gang members of another race, and on a jailer later identified as Sergeant Ayers, who failed to intervene when the attack occurred. In a related claim, plaintiff alleges that two jail nurses failed to immediately treat his eye injury and refused to administer prescription medications ordered by his doctor. By this suit, plaintiff seeks unspecified money damages and "any other remedies the court feel[s] appropriate." (Plf. Compl. at 4, ¶ VI).

The County now moves for summary judgment on the ground that, *inter alia*, plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act

("PLRA"), 42 U.S.C. § 1997e.[1] The exhaustion issue has been fully briefed by the parties and the motion is ripe for determination.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Where, as here, the party seeking summary judgment has the burden of proof at trial, he must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Once the movant meets this initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(e).[2] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993). However, conclusory statements,

---

[1] The County also argues that there is no evidence of deliberate indifference on the part of jail officials. Because plaintiff has failed to exhaust his administrative remedies under the PLRA, the court does not address this alternative ground for summary judgment.

[2] Rule 56(e) provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

FED. R. CIV. P. 56(e).

hearsay, and testimony based on conjecture or subjective belief are not competent summary judgment evidence. *Topalian*, 954 F.2d at 1131.

A.

The threshold issue in this case, as in all civil rights actions brought by prisoners challenging the conditions of their confinement, is whether plaintiff has exhausted his administrative remedies. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *see also Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). The failure to exhaust administrative remedies under the PLRA is an affirmative defense which must be pleaded and proved by a defendant. *See Wendell*, 162 F.3d at 890.

The Dallas County Jail provides a two-step procedure for presenting inmate grievances. Step 1 requires the inmate to submit a grievance to any staff member. After noting the date and time the grievance is received, the staff member delivers the grievance to the on-duty shift supervisor who, in turn, forwards it to the Grievance Board for review. Upon receipt of a written decision from the Grievance Board, the inmate has five days to submit a written appeal, or Step 2 grievance, to the Inmate Grievance Appeal Board. The Appeal Board reviews all documents submitted in connection with the appeal and issues a decision, which may be reviewed by the Sheriff. An inmate must pursue his grievance at both steps in order to exhaust his administrative remedies. *See Abney v. Valdez*, No.

3-05-CV-1645-M, 2005 WL 3147863 at *2 (N.D. Tex. Oct. 25, 2005) (Kaplan, J.), *rec. adopted*, Order, 11/22/05 (citing cases).

B.

The summary judgment evidence shows that plaintiff filed six Step 1 grievances between April 28, 2004 and May 20, 2004 related to the allegations made the basis of this suit. (*See* Def. MSJ App. at 55, 60, 66, 69, 73, 79). Despite the fact that jail officials responded to all six grievances, plaintiff never appealed any of those decisions to the Inmate Grievance Appeal Board. (*See id.* at 15). In an attempt to excuse his failure to exhaust administrative remedies, plaintiff argues that he was unaware of the appeal process and told by jail officials that there is no Step 2 grievance procedure. (*See* Plf. MSJ Resp. at 15). This explanation is unavailing. On March 23, 2004, plaintiff acknowledged receipt of the Dallas County Jail Rules and Inmate Handbook. (Def. MSJ App. at 19). Included in the handbook is a chapter on inmate grievances, including the procedure for appealing a Grievance Board finding. (*See id.* at 85-90). In particular, inmates are told that:

> Upon receiving a written reply to a grievance, the grievant shall have five (5) days to appeal the Inmate Grievance Board Appeal Board [sic], in writing, the action taken to the Inmate Grievance Appeal Board. The chain of command shall be utilized in the appeal process.

(*Id.* at 89).

It is clear that plaintiff had constructive notice, if not actual notice, of the grievance procedures of the Dallas County Jail. Yet he failed to present any of his claims to jail officials in a Step 2 grievance. Under these circumstances, plaintiff may not prosecute a civil rights action in federal court. *See Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006) (prisoner must complete the administrative review process in accordance with all procedural rules,

including deadlines, as a precondition to bringing suit in federal court); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1809 (1999) (dismissal appropriate where inmate seeks "federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures"); *Moore v. Valdez*, No. 3-06-CV-1116-K, 2006 WL 2215978 at *2 (N.D. Tex. Aug. 2, 2006) (Kaplan, J.) (same as to inmate's claims against Dallas County Jail); *see also Boyd v. Corrections Corp. of America*, 380 F.3d 989, 999 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 1639 (2005) (rejecting claim that prisoner was unaware of grievance procedures where procedures were contained in inmate handbook).

## CONCLUSION

Defendant's motion for summary judgment [Doc. #32] is granted. The court will dismiss this action by separate judgment filed today.[3]

SO ORDERED.

DATED: January 3, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] In his original complaint, plaintiff also sues U.T.M.B.'s Unknown Nurse, U.T.M.B.'s Head of Nursing, an Unknown Dallas County Jailer, and former Sheriff Jim Bowles--none of whom have been served with process. The court *sua sponte* dismisses the claims against these defendants for failure to exhaust administrative remedies.